The judgment of the-court was pronounced by
Slidell, J.
This is an appeal from an order of seizure and sale. The' documents upon which the order was granted, were a promissory note made' by Stoeldon, and a notarial protest of it; an act of mortgage granted by Stockton to Squier, to secure its payment, in which the making and endorsement of the note by Stockton, and its delivery to Squier’s agent, are recited ; a notarial declaration and acknowledgment made by J. M. Henman, that he was a member of the firm of J. Marsh Henman & Co., and that the note had been sent to that firm by Squier, as his mere agent, for collection. The note is made by Stockton, is payable to his own order, and bears the following endorsements :
“ Pay to the order of Wm. C. Squier, Esq. Ricirn. C. Stockton.”
“ Pay to the order of J. M. Henman Sf Co. W. C. Squnui.”
L Maksh Deesian & Co.”
*121 It is said, on the part of the appellant, that upon the face of the instrument it appears that the title had passed out of the plaintiff; that he should have established, by authentic and unexceptionable evidence, a re-transfer to himself, and'that the declaration of Denman is not legal evidence of the facts asserted by him.
It is unnecessary to determine whether the evidence of re-transfer was sufficient and unexceptionable, if no evidence of re-transfer .was requisite.
In Dugan v. United States, 3 Wheaton, 183, the court said, after an examination of the cases on this subject (which cannot all of them be reconciled,) the court is of opinion, that if any person who endorses a bill of exchange to another, whether for value or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bond fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more endorsements in full, subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsers, whose names he may strike from the bill, or not, as he may think proper. See also United States v. Jacob Barker, 1 Paine, 162.
Mr. Story, in his Treatise on Notes, observes, there is much reason to contend, that the possession of a note by the maker or payee, or by any subsequent endorser, is prima fade evidence, notwithstanding there are subsequent endorsements thereon, that he is the true and lawful owner thereof, and that he has re-acquired the full title thereto; and, accordingly, this seems now to be the better opinion maintained in America, notwithstanding some early doctrine the other way. § 452. See also § 246. Norris v. Badger, 6 Cowen, 450.
We therefore think the case is with the appellee on this point. It is said, there is no evidence of the acceptance of the mortgage by Squier. The case is thus: J. D. Marsh, purporting to act as the agent of Squier, under a power of attorney which is recited in the deed, sells to Stockton certain lots of ground; Stockton acknowledges delivery and possession; gives his notes for the price, and grants in the same instrument a mortgage to secure them. EEe is clearly estopped from contesting Denman’s right to represent Squier, and accept the mortgage in his behalf, which Squier now seeks to enforce.
In the act William Christy, notary, before whom it was executed, recites that he is acting, instead of Jos. B. Marks, notary, then absent from the State, by consent of the governor; and the notarial copy upon which the order of seizure was obtained, was certified by Marks, notary. See act of 1838, p. 94. In the absence of evidence to the contrary, we are bound to presume that these sworn public officers have not culpably neglected, but properly discharged, their official duty. See Hartwell v. Root, 19 John, 346.
Judgment affirmed, with costs.